Argued September 10, reversed with instructions
November 8, 1968

MOCK, *Respondent, v.* TERRY, *Appellant.*

446 P. 2d 514

*Robert H. Fraser,* Eugene, argued the cause for appellant. On the briefs were Luvaas, Cobb, Richards & Fraser and Jerry W. Hendricks, Eugene.

*Donald F. Bach,* Eugene, argued the cause for respondent. With him on the brief were Porter & Bach, Eugene.

Before PERRY, Chief Justice, and O'CONNELL, DENECKE, LUSK and MENGLER, Justices.

DENECKE, J.

Plaintiff is in the business of selling campers. The defendant negligently operated her automobile, damaging four of plaintiff's campers. Plaintiff's action for damages was tried to the court without a jury. The only issue at trial and on appeal is the measure of damages. The trial court fixed the plaintiff's damage as the retail selling price of the campers before the damage was inflicted, less salvage value. The defendant contends that the proper measure is wholesale price f.o.b. plaintiff's place of business, less salvage value.

■ Oregon has followed the general rule in property damage cases that the measure of damages "is generally the difference between its value at the place immediately before and immediately after the injury." *Hansen v. Oregon-Wash. R. & N. Co.,* 97 Or 190, 201, 188 P. 963, 191 P 655 (1920).

■ In determining a just measure of damages we

have examined the problem from the standpoint of both the plaintiff and defendant.

"* * * While the fundamental rule of law is to award compensation, yet rules for ascertaining the amount of compensation to be awarded are formed with reference to the just rights of both parties, and the standard fixed for estimating damages ought to be determined not only by what might be right for an injured person to receive in order to afford just compensation, but also by what is just to compel the other party to pay: * * *." *Hansen v. Oregon-Wash. R. & N. Co.,* supra (97 Or at 201).

■ While there has been no prolonged discussion of the problem in our past decisions, when the problem has arisen we have held that replacement cost, which is usually wholesale cost, is to be used as the market value before damage. See, *Hansen v. Oregon-Wash. R. & N. Co.,* supra (97 Or at 202); *Longbotham v. Takeoka,* 115 Or 608, 611-612, 239 P 105, 43 ALR 1285 (1925). See *Sears v. Lydon,* 5 Idaho 358, 49 P 122 (1897), for a statement of reasons for such rule.

■ Using retail value as market value would grant the plaintiff recovery for his cost of doing business and a profit. If plaintiff can prove that these amounts would have been realized if defendant had not damaged his property, plaintiff can recover for such items; however, in the absence of such proof, such items of damage are not recoverable.

■ In this case the testimony was that the damaged campers had been in stock for several months prior to the accident, that their replacement would take four to six weeks, and that the plaintiff had an inventory of 40 to 45 campers that were not damaged. There was no testimony that plaintiff lost any sales as a

result of the damage to the four campers. Under these circumstances, the market value before damage is the wholesale cost, plus freight.

Reversed with instructions to fix the amount of plaintiff's damages in accordance with this opinion.